**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JORGE LEONARD GARCIA,

        Petitioner,

v.                                  Case No. 3:26-cv-859-WWB-PDB

UNITED STATES ATTORNEY
GENERAL, et al.,

        Respondents.

_____

**ORDER**

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at the Baker County Detention Center.  (*Id.*).  According to Petitioner, ICE took him into custody on June 3, 2025, and an immigration judge ordered him removed on July 23, 2025.  (*Id.* at 4).  Petitioner asserts he appealed the immigration judge's decision to the Board of Immigration Appeals ("**BIA**") and that appeal is still pending.  (*Id.* at 5, 10).  He argues that his detention has become unreasonably prolonged, violating *Zadvydas v. Davis*, 533 U.S. 678 (2001), and his rights under the Due Process Clause of the Fifth Amendment.  (*Id.* at 10–11).  As relief, Petitioner requests that the Court order his immediate release.  (*Id.* at 11).

In *Zadvydas*, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns.  Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time.  *Id.* at 701.  The Court also concluded that six months is a presumptively reasonable period to detain a

removable alien awaiting deportation.  *Id.*  "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

The "removal period" begins on the latest of three dates: (1) the date on which the order of removal becomes administratively final; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."  *See* 8 U.S.C. § 1231(a)(1)(B); *see also* 8 C.F.R. § 1241.1(a)-(f) (outlining the procedural circumstances that render a removal order final).  The Attorney General must detain an alien during his removal period.  *See* 8 U.S.C. § 1231(a)(2).

Here, Petitioner contends that on August 11, 2025, he appealed his removal order, and that appeal is still pending with the BIA.  (Doc. 1 at 10).  Therefore, Petitioner's removal period has not yet begun and Petitioner's request for relief is premature.  *See, e.g.*, *Farah v. United States Att'y Gen.*, 12 F.4th 1312, 1332 (11th Cir. 2021) (finding that the petitioner's removal period had not started because the Eleventh Circuit stayed the removal pending judicial review and it had not yet issued its final order).  As such, this action is dismissed.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on April 14, 2026.

_____

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Jorge Leonard Garcia, A240287505

3